### FERGUSON v. ARNOW et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

APPEAL—HARMLESS ERROR—SUBMISSION OF QUESTION TO JURY.
    Error, if any, in not taking certain questions from the jury, is not prejudicial, where the questions are correctly decided by the jury. Barnard, P. J., dissents on the ground that the jury did not decide correctly.

Appeal from special term, Westchester county.

Action by John D. Ferguson against Thomas C. Arnow and others, to recover damages for false arrest and imprisonment, or for what is claimed was malicious prosecution. Defendants were the owners of certain land. The highway commissioners, by plaintiff and others, entered on defendants' premises for the purpose of widening the street, claiming that the fence dividing defendants' property from the street, as it then existed, was an encroachment upon the highway. Defendants brought an action against plaintiff to recover damages for the trespass, and procured an order on which plaintiff was arrested. Upon trial of that action, the complaint was dismissed. This action was then brought, resulting in a verdict for plaintiff. Defendants appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Seward Baker, (J. W. Bartram, of counsel,) for appellants.
Wm. C. Reddy, for respondent.

PRATT, J. We find no errors in this case prejudicial to the defendants. The verdict cannot be considered excessive. If it be that the court should have taken from the jury the questions of motive and want of probable cause, the defendants have not been thereby injured, for, had the court itself passed upon those questions, the result would have been the same, as we think the jury decided them correctly. Judgment affirmed, with costs.

DYKMAN, J., concurs.

BARNARD, P. J., (dissenting.)  The plaintiff's case, assuming the action to be one for a malicious prosecution, is this:  The defendants own a piece of land along a highway in the town of Westchester.  The commissioners of highways tore down the fence along the road, with the assistance of plaintiff, who was a workman employed by the commissioners.  The lack of probable cause and the express malice are proven by the dismissal of the complaint in an action to restrain the trespass. This action was brought by the executors of defendant's father, and proves nothing except that, without proof of a title in the executors, they had no right to maintain the action.  On the trial of that action, Thomas C. Arnow swore as follows:

"I did say that the fence and piazza were upon the highway, and that both sides were upon the highway,—what people had told me.   I stated to John B. S. Kenan that I would not remove the fence until the people on the other side removed theirs."

The fact is stated to be on information of other people, and not as a fact in any way known to the witness.  As against this testimony, the proof establishes that the fence had been along the road for many years.  A part of an old house was removed.  The highway, for 1,000 feet, including this disputed point, is of varying width.  There was no record of the road which is so defined and precise as to settle the controversy.  A part of the disputed line was an old stone wall, established by actual measurement and location by former commissioners and the then proprietor. . The wall had been there some 50 years.  Proof was given tending to show that the piazza destroyed in part was entirely out of the road.  All this proof was on the assumption that the wall and fence opposite the defendants were on the true line.  The fence had stood exactly as it was when torn down for some 20 years, as testified to by the defendant Thomas C. Arnow.  There was no proof that the other defendants knew that it was ever claimed by people that the fence was on the highway.  Under all this proof, the defendants had a right to go to a jury.  The jury decided, on an extremely close and doubtful case, that the fence was on the highway, and justified its destruction. The case neither shows lack of probable cause or malice.  The judgment and order denying new trial should be reversed, and a new trial granted, costs to abide event.